# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

The State, Petitioner/Respondent,

v.

Cesar Portillo, Respondent/Petitioner.

Appellate Case No. 2014-001361

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal From Dorchester County
The Honorable Diane Schafer Goodstein, Circuit Court
Judge

---

Opinion No. 2015-MO-007
Submitted February 5, 2015 – Filed February 25, 2015

---

## AFFIRMED IN PART, VACATED IN PART

---

Attorney General Alan Wilson and Assistant Attorney
General Mark R. Farthing, both of Columbia, for
Petitioner/Respondent.

Appellate Defender Kathrine H. Hudgins, of Columbia,
for Respondent/Petitioner.

---

**PER CURIAM:** The State and defendant each seek a writ of certiorari to review
the Court of Appeals' decision in *State v. Portillo*, 408 S.C. 66, 757 S.E.2d 721 (Ct.

App. 2014). We grant the petitions, dispense with further briefing, and affirm the Court of Appeals' opinion in part and vacate in part.

The Court of Appeals found the testimony of the forensic interviewer, Dr. Elsey, inappropriately vouched for the victim's testimony, but it also found the testimony amounted to harmless error. We find the Court of Appeals erred in addressing the vouching issue because it was not preserved for review. *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("Issues not raised and ruled upon in the trial court will not be considered on appeal.").

At trial, defendant challenged the admission of Dr. Elsey's expert testimony on the grounds that (1) it was unnecessary for Dr. Elsey to be qualified as an expert in forensic interviewing, and (2) Dr. Elsey was not qualified to testify in regard to the language and hand gestures used by the victim, because it was beyond the scope of his expertise. However, defendant never objected to Dr. Elsey's testimony as improper vouching of the victim's testimony. Defendant first raised this issue in his brief to the Court of Appeals. Accordingly, the Court of Appeals' opinion is vacated to the extent it addresses whether Dr. Elsey's testimony improperly vouches for the victim. *Id.* at 142, 587 S.E.2d at 694 ("An issue that was not preserved for review should not be addressed by the Court of Appeals, and the court's opinion should be vacated to the extent it addressed an issue that was not preserved.").

**AFFIRMED IN PART, VACATED IN PART**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE, and HEARN, JJ., concur.**